IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 97-60251
Summary Calendar

UNITES STATES OF AMERICA,

Plaintiff-Appellee,

versus

SUNDAY KAYODE IFABIYI, also known as John
DeBrown, also known as James X Bell, also
known as James Bello,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:93-CR-130-B
--------------------
September 1, 1999

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Sunday Kayode Ifabiyi appeals his conviction for six counts of bank fraud, six counts of false representation of numbers as a social security account, and conspiracy to commit the substantive offenses.

Ifabiyi moves for leave to add to his record excerpts. IT IS ORDERED that the motion is DENIED. One of the two items sought to be added is not part of the record on appeal. The other item, a copy of the PSR, has handwritten notations on it. We determine this appeal based upon the appellate record.

Ifabiyi argues that his Sixth Amendment right to a speedy trial was infringed by the thirty-five-month delay between the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

indictment and his arrest. Although the district court failed to articulate its evaluation of the four factors enunciated in Barker v. Wingo, 407 U.S. 514, 530-33 (1972), our independent review of the record reveals that the district court did not err in its conclusion that Ifabiyi's Sixth Amendment right was not infringed. See United States v. Lucien, 61 F.3d 366, 371 (5th Cir. 1995); Robinson v. Whitley, 2 F.3d 562, 568-71 (5th Cir. 1993).

Ifabiyi challenges the sufficiency of the evidence.[**] Although Ifabiyi moved for judgment of acquittal at the end of the Government's case-in-chief, he failed to renew the motion at the close of all evidence. Thus, this court's review is limited to determining whether a manifest miscarriage of justice ensues from Ifabiyi's conviction on the thirteen counts. United States v. Shannon, 21 F.3d 77, 83 (5th Cir. 1994). We conclude that no miscarriage of justice ensues. See United States v. Jobe, 101 F.3d 1046, 1063 (5th Cir. 1996) (conspiracy to commit bank fraud); United States v. Frydenlund, 990 F.2d 822, 824-25 (5th Cir. 1993) (bank fraud); United States v. Shively, 927 F.2d 804, 809-10 (5th Cir. 1991) (intentional misrepresentation of social security numbers).

Ifabiyi argues that the district court abused its discretion under the Federal Rules of Evidence in denying the admission into

---

[**] For the first time in his reply brief, Ifabiyi contends that the Government's chief witness falsely testified about being employed by Nationwide Cab Company when he met Ifabiyi. Ifabiyi alleges that he has recently determined that there is no such cab company operating in Memphis, Tennessee. Matters raised for the first time in a reply brief are not properly before this court. See United States v. Prince, 868 F.2d 1379, 1386 (5th Cir. 1989).

evidence of D. exhs. 3 and 4.*** Blue brief, 11-12; reply brief, 6-7. We detect no abuse of discretion in the district court's ruling. See United States v. Jimenz Lopez, 873 F.2d 769, 771 (5th Cir. 1989). For the first time on appeal, Ifabiyi also argues that the district court's Fed. R. Evid. 902(3) ruling denied him due process of law. No constitutional error is detected. See Chambers v. Mississippi, 410 U.S. 284, 294 (1973); see also United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc) (plain error standard).

For the first time on appeal, Ifabiyi argues that the district court erred in denying the purported motion by the Government to dismiss count twelve. The discrepancy between the false social security number alleged in count twelve and the false number proved at trial does not amount to a constructive amendment to the indictment. See United States v. Munoz, 150 F.3d 401, 417 (5th Cir. 1998). Thus, no plain error is evident. See Calverley, 37 F.3d at 162-64.

AFFIRMED.

---

*** Defense exhibit 3 is a photocopy of Ifabiyi's passport, the original which was purportedly stolen or misplaced, and Defense exhibit 4 is a receipt, dated November 9, 1991, of the payment in cash of Nigerian customs and excise tax on two computers.